UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN J. MCCARTHY<br>    BOP #38051-066 | CIVIL ACTION NO. 11-2059 |
| VERSUS | SECTION P |
| | JUDGE MINALDI |
| WARDEN, FEDERAL CORRECTIONAL<br>CENTER, ET AL | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

*Pro se* petitioner, John J. McCarthy, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute, Oakdale, Louisiana (FCI-O).  He names the FCI-O Warden as defendant.  Doc. 1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Procedural History*

In January 1994, the United States District Court for the District of Connecticut sentenced McCarthy to 235 months imprisonment following his conviction for two counts of possession of a firearm by a prohibited person.  At sentencing McCarthy's trial counsel informed the court that McCarthy would soon be sentenced on state criminal charges that had been pending in Connecticut since 1992 and that his sentence for those charges would likely run concurrently with his federal sentence.  Nonetheless, the District of Connecticut did not specify whether McCarthy's federal sentence would run concurrently with, or consecutively to, that future state sentence.

In April 1994, McCarthy was sentenced in Connecticut state court to seven years imprisonment, to run concurrently with his federal sentence. Thereafter, he remained in state custody to serve that state sentence.[1]

In August 1995 McCarthy requested the Bureau of Prisons ("BOP") to designate, *nunc pro tunc*, the state facility at which he was incarcerated a federal prison, which would allow him to serve his state and federal sentences concurrently. The BOP denied that request, suggesting that it lacked independent authority (i.e., separate from the sentencing judge) to make such a designation. In June 1998, the United States Court of Appeals for the Second Circuit, reviewing the District of Connecticut's denial of McCarthy's petition challenging the BOP's decision, held that the BOP did indeed have authority to grant McCarthy's request for *nunc pro tunc* designation. *See McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir.1998). Accordingly, the Second Circuit remanded the matter to the District of Connecticut with instructions to remand to the BOP for consideration of the merits of McCarthy's request. *See Id* . On remand, the BOP denied McCarthy's request, highlighting his extensive criminal record and the federal sentencing judge's silence as to whether his federal and state sentences would run concurrently.

McCarthy was released from state custody on February 5, 1999, and his federal sentence commenced at that time. In 2004, while incarcerated at the United States Penitentiary ("USP") in Leavenworth, Kansas, he filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Kansas claiming that the BOP was required to credit his federal sentence for the time he had spent in state custody. The District of Kansas dismissed the petition, and the United States Court of Appeals for the Tenth Circuit affirmed on appeal,

---

[1] McCarthy's appearances in federal court had been made pursuant to a writ of habeas corpus ad prosequendum, as it appears that he had been in state custody since his arrest on state charges in 1992.

concluding that, "in light of Mr. McCarthy's criminal history and prior convictions, the [BOP] did not abuse its discretion when it declined to designate a state institution for the service of his federal sentence." *See McCarthy v. Warden, USP Leavenworth*, 168 F. Appx 276, 277 (10th Cir.2006).

In 2007, McCarthy, who was then incarcerated at USP Lewisburg in Pennsylvania, filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. Attached to his petition were: (1) a recent request he had made to the BOP to credit his federal sentence for the time he had spent in state custody; and (2) a response from a BOP supervisory inmate systems specialist stating that this request would be forwarded to the BOP's Designation and Sentence Computation Center for review. In August 2007, the District of Pennsylvania dismissed the petition as unexhausted. In doing so, the court noted that "any subsequent § 2241 petition claiming that the BOP abused its discretion by denying McCarthy's request for *nunc pro tunc* designation may be subject to consideration for abuse of the writ of habeas corpus." *McCarthy v. Warden USP Lewisburg*, 2007 WL 2461703, *2, n. 1 (M.D. Pa. Aug. 27, 2007). McCarthy did not appeal from that judgment.

In May 2008, McCarthy, then incarcerated at USP Florence in Colorado, filed yet another § 2241 petition, this time in the United States District Court for the District of Colorado. In September 2008, the court dismissed the petition as successive. On appeal, the Tenth Circuit reversed and remanded, concluding that "[i]n light of the unsettled question of whether appellate court preauthorization is required before a prisoner may file a successive writ under § 2241 or whether district courts may continue to address this issue as they did pre-AEDPA, it seems problematic for the district court to dismiss [McCarthy's] writ *sua sponte* based on the pre-

AEDPA version of § 2244(a)." *McCarthy v. Warden USP Florence*, 338 F. Appx 739, 742 (10th Cir.2009).

On remand, the District of Colorado denied McCarthy's habeas petition on the merits concluding that the BOP had not abused its discretion in refusing to grant *nunc pro tunc* designation. In November 2010, the Tenth Circuit, noting that it "has already once affirmed the BOP's denial of a request Mr. McCarthy previously made for such a designation," upheld the District of Colorado's judgment. *See McCarthy v. Warden, USP Florence*, 403 F. Appx 319, 320–21 (10th Cir.2010).

In August 2010 McCarthy, who had been transferred back to USP Lewisburg, filed another § 2241 petition in the District Court of Pennsylvania claiming that the BOP had unlawfully transformed his concurrent state term into a consecutive state term. *See McCarthy v. Warden, USP Lewisburg*, No. 1:10 cv 1673 (M.D. Pa.). After the BOP filed a response, McCarthy filed a traverse, clarifying that he was challenging the BOP's failure to treat his state and federal sentences as concurrent by designating, *nunc pro tunc*, a state facility as a federal prison. In light of this clarification the Magistrate Judge assigned to the case issued an order directing the BOP to file a supplemental response addressing whether this latest habeas petition was barred by 28 U.S.C. § 2244(a). *Id.* at Doc. 11. That order permitted McCarthy to file a supplemental reply.

In its supplemental response, the BOP argued that McCarthy's petition was indeed barred by § 2244(a). McCarthy, meanwhile, contended that the BOP had waived that argument by not including it in its original response, and that the Magistrate Judge could not raise the issue *sua sponte*. He also claimed that his petition was not barred because he was challenging a new decision from the BOP.

On December 8, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the district court dismiss McCarthy's habeas petition, concluding that the petition was an abuse of the writ and thus barred by § 2244(a). *Id.* at Doc. 17. On February 7, 2011, the district court adopted the Magistrate Judge's recommendation and dismissed the petition. *Id.* at Doc. 22. McCarthy appealed the district court's order and the Court of Appeals for the Third Circuit affirmed the district court's dismissal of McCarthy's latest habeas petition as an abuse of the writ. *See McCarthy v. Warden USP Lewisburg,* 2011 WL 4925867 (3rd Cir.2011).

The Third Circuit also addressed what was then a recent development highlighted by McCarthy in his briefing. Attached to his "Addendum Brief" was a letter addressed to him, dated June 29, 2011, from the Honorable Peter C. Dorsey of the District of Connecticut. The letter stated as follows:

> I have received your letter dated May 14, 2011, in which you request that I make your federal sentence run concurrently with your state sentence. I have written a letter to the Warden of USP Lewisburg recommending that your federal sentence run concurrently with your state sentence and that both sentences be served in one penal institution.

*Id.* at *3.

The Third Circuit noted that while the BOP did not address this letter in its response brief, the Court stated that "if this letter is indeed from Judge Dorsey, the BOP, to the extent it has not already done so, will give his recommendation due consideration and render a decision promptly." *Id.* In light of the above, the Third Circuit affirmed the district court's dismissal of McCarthy's habeas petition as an abuse of the writ.

Petitioner filed the present petition for writ of habeas corpus again claiming that the BOP has unlawfully refused to run his federal sentence concurrently rather than consecutively to his

state sentence. In support of his allegations, he relies on the aforementioned June 29, 2011, letter which he contends was written by the Honorable Peter C. Dorsey of the District of Connecticut. Based on this letter, petitioner claims that the BOP abused its discretion in not crediting him with the seven years that he served in state custody. Petitioner alleges that he is entitled to immediate release.

### *Law and Analysis*

As detailed above, petitioner has filed multiple habeas corpus petitions seeking credit on his federal sentence for time spent in state custody. At least two of those cases were dismissed for abuse of the writ. Presently, petitioner has filed yet another § 2241 motion seeking credit on his federal sentence for time spent in state custody. According to petitioner, he is entitled to seven years *nunc pro tunc* credit and immediate release. Doc. 1, p. 5.

The federal habeas statute, 28 U.S.C. § 2244(a), provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

The Fifth Circuit has found that 28 U.S.C. § 2244(a) bars successive Section 2241 petitions that are based on the same claim. *Ortloff v. Fleming*, 88 Fed. Appx. 715, 2004 WL 298595 (5th Cir. Feb.16, 2004) (unpublished) (citing *United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir.1994)). Because petitioner is litigating the same issues that were previously rejected by other district courts, this petition should be denied. Similar to other successive motions filed by petitioner seeking credit on his federal sentence for time spent in state custody, this court determines that the instant habeas petition should be dismissed as an abuse of the writ.

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be dismissed because it is barred by 28 U.S.C. §2244(a).

**IT IS ALSO RECOMMENDED THAT** petitioner's motion's for order to show cause (Docs. 2, 6) be denied as moot as the relief requested therein, namely that pleadings filed by petitioner be docketed separately, has been done.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE